30

United States District Court
Southern District of Texas
ENTERED

MAY 2 0 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| NORMA SERNA, Individually §<br>and as next friend of ALFREDO SERNA, §<br>a minor child, and §<br>JOHN and GLADYS McKENNA, §<br>Individually and as next friend of §<br>KATHLEEN McKENNA, a minor child, §<br>Plaintiffs §<br> §<br>v. §<br> §<br>JEAN [sic] DEMRO, JACI EKERN, §<br>MARTHA MARTIN, FRANCES PAYNE, §<br>BETTY SEVILLA, DORTOTHY WAGNER, §<br>and JAMES SMITH, §<br>Defendants § | CIVIL ACTION NO. B-97-049 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### STATEMENT OF THE CASE

Mentally handicapped students brought suit for 42 U.S.C. §1983 violations, state constitutional law claims, and state law causes of action against school administrators and teachers for confining students in "time out" booths.

### PARTIES

1.    Plaintiff Alfredo Serna (Serna) is a mentally handicapped special education student who attended Treasure Hills, Bonham, and Lamar Elementary Schools.

2.    Plaintiff Kathleen McKenna, (McKenna) is a mentally handicapped special education student at Treasure Hills Elementary School.

3.    Plaintiff Norma Serna is the mother of Alfredo Serna.

4.    Plaintiffs John and Gladys McKenna are the parents of Kathleen McKenna.

1

5.      Defendant Jaci Ekern (Ekhern) is a special education teacher at Treasure Hills Elementary School.

6.      Defendant Frances Payne (Payne) is the former principal of Treasure Hills Elementary School.

7.      Defendant Martha Martin (Martin) is a former substitute teacher for Harlingen Consolidated Independent School District (HCISD).

8.      Defendant Betty Sevilla (Sevilla) is a former special education teacher at Treasure Hills Elementary School.

9.      Defendant Dorothy Wagner (Wagner) is a special education teacher at Dishman Elementary School.

10.     Defendant Jan Demro (Demro) is a special education teacher at Bonham Elementary School.

11.     Defendant Dr. James Smith (Smith) is the former Superintendent of HCISD.

## BACKGROUND

Plaintiffs are students with learning disabilities enrolled in special education classes in HCISD. Defendants are teachers and administrators in HCISD. This case arises from injuries allegedly sustained when Plaintiffs were placed in "time out" booths by the Defendants.

The booths are located inside the special education classrooms at various schools in HCISD. They are enclosed or semi-enclosed structures approximately four feet by four feet by eight feet in dimension. The booths are not a uniform design: Some booths were open on one side, others had doors which, when shut, would enclose the structure. Some booths could be locked from the outside; some had screen mesh covering the top.

The booths were used as a classroom management device. When a student became disruptive, they would be required to enter the booth and remain there for a specified period of time.

McKenna claims Ekhern placed her in a time out booth at Treasure Hills Elementary School on "several occasions," and that one such confinement lasted for approximately thirty minutes.

2

Serna claims several offenses: Demro placed him in a time out booth while at Bonham Elementary School; Martin placed him in a time out booth while at Wilson Elementary School; Sevilla coerced him to transfer from Treasure Hills Elementary to Bonham Elementary; and Wagner struck him in the face at Lamar Elementary.

As a result of their confinement, Plaintiffs Alfredo Serna and Kathleen McKenna allege numerous injuries, including: physical and emotional abuse, disappointment, indignation, wounded pride, loss of self esteem, shame, despair, public humiliation, sleeplessness, fear of the dark, and aggravation of their preexisting mental disabilities.

Plaintiffs are suing Defendants in their official and individual capacities for:

1.  Violations of §42 U.S.C. §1983, specifically:

    a.  The use of cruel and unusual punishment and excessive force in violation of their Eighth Amendment rights, and

    b.  Deprivation of their liberty interest without due process of law in violation of their Fourteenth Amendment rights;

2.  Intentional infliction of emotional distress;

3.  False imprisonment;

4.  Negligence;

5.  Deprivation of their liberty interest without due course of law in violation of the Texas Constitution.

Additionally, Norma Serna, John McKenna, and Gladys McKenna are suing on their own behalf for intentional infliction of emotional distress. They allege that their childrens' confinement in the booths, the distress caused by their childrens' injuries, and the frustration of their efforts to use the school grievance process has caused them severe mental anguish.

All Plaintiffs claim that Smith and Payne are liable for their injuries under respondeat superior, as they allegedly authorized the use of time out booths in HCISD classrooms.

Plaintiffs seek actual and punitive damages, and an injunction prohibiting future use of the booths.

Defendants have asserted numerous defenses, including: failure to exhaust administrative remedies, immunity, and failure of the claims on the merits. Defendants now move for Summary

3

Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Slaughter v. Southern Talc Co.,* 949 F.2d 167, 170 (5th Cir.1991).

The burden for Summary Judgment is initially on the moving party. *Lindsey v. Sears Roebuck and Company,* 16 F.3d 616, 618 (5th Cir. 1994). Once the movant has met this burden, it then shifts to the nonmovant to show that summary judgment is inappropriate. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir.1992). The burden may be satisfied by tendering depositions, affidavits, and other competent evidence. *Douglass v. United Service Automobile Association,* 79 F.3d at 1415, 1429 (5th Cir. 1996). However, conclusory allegations, speculation, and unsubstantiated assertions will not suffice. *Douglass,* 79 F.3d at 1429. Nor will a mere scintilla of evidence satisfy this burden. *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir.1994). Additionally, a court may consider evidence on summary judgment only to the extent that it is not based on hearsay or other information excludable at trial. *Fowler v. Smith* 68 F.3d 124, 126 (5th Cir. 1995).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters,* 5 F.3d 119, 122 (5th Cir.1993). Moreover, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

Movant's motion for summary judgment will be granted if he satisfies his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c); *Scott v. City of Dallas,* 876 F.Supp. 852, 857 (N.D. Tex. 1995).

4

## ANALYSIS

### §1983 claims - Official Capacity

Plaintiffs are suing Defendants in their official capacity for civil rights violations under §42 U.S.C. §1983.

Defendants, as employees of HCISD, assert that they are entitled to qualified immunity. Qualified immunity is protection from civil liability for government officials performing discretionary functions. *Hart v. O'Brien*, 127 F.3d 424, 441 (5th Cir. 1997).

Examining claims of qualified immunity on summary judgment involves a two-part inquiry: First, the Court must determine whether the Plaintiff has alleged the violation of a clearly established right. *Hart*, 127 F.3d at 442. Second, the Plaintiff must show that when the Defendant acted, "the law established the contours of a right so clearly that a reasonable person would have understood their acts were unlawful." *Id.* at 441. The Court need not reach the second part of the inquiry if a Plaintiff fails to prove the first part. *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995).

Plaintiffs allege that their confinement deprived them of their liberty interest without due process of law in violation of their Fourteenth Amendment rights. To support their claim, Plaintiffs assert that the booths were akin to prison cells, and that the Defendants failed to use a less restrictive means of punishment.

There is no case on point, however *Hassan v. Lubbock Ind. Sch. Dist.* is helpful. *Hassan*, 55 F.3d at 1079 (5th Cir. 1995). In *Hassan*, a group of sixth grade students was touring a juvenile detention center. Plaintiff, a member of the class, became loud and disruptive. Plaintiff's teacher asked the tour guide to place Plaintiff in one of the holding cells so that the tour could continue uninterrupted. Plaintiff was then locked in an 80 square foot cell by himself and monitored by a facility staff member. Plaintiff was released when the rest of the class had completed the tour. Plaintiff and his parents sued the school, the teacher, and the tour guide under §1983. Plaintiff claimed that his incarceration in the cell and the failure to use a less restrictive means of discipline violated his due process rights.

The Fifth Circuit held that neither the confinement nor the failure to use a less restrictive means of restraint violated Plaintiff's due process rights. *Id.* at 1082. The court explained that

5

while students do not shed their rights when they enter a school, such rights are outweighed by the need to maintain order in the classroom. *Id.* at 1080-81. The court observed that Plaintiff was in no danger while in the cell, and was released as soon as the tour was completed. Thus, the court concluded, the deprivation of liberty was *de minimis.*

Similarly, the pleadings and affidavits in this case show that confinement of the Plaintiffs was necessary to maintain order in the classrooom; the confinement lasted no longer than necessary; and that Plaintiffs were in no danger during their confinement, as the booths were monitored while Plaintiffs were inside. As such, the confinement in the time out booth did not violate the Plaintiff's Fourteenth Amendment rights.

Other jurisdictions agree with this result. *See Dickens v. Johnson County Bd. Of Educ.,* 661 F.Supp. 155 (E.D. Tenn. 1987) (Segregation of a child to a timeout box without notice or a hearing does not implicate either procedural or substantive due process.), *Wise v. Pea Ridge Sch. Dist.,* 855 F.2d 560 (8th Cir. 1988) (In-school confinement to a small room does not violate substantive due process rights.), *Rice v. Lautzenhizer* (1996 WL 671618 (N.D. Miss.)) (Claim that confinement to a broom closet violated procedural due process fails as a matter of law.).

Plaintiffs also allege that their confinement in the cubicles constituted cruel and unusual punishment and excessive force in violation of their Eighth Amendment rights.

Eighth Amendment protection against cruel and inhumane punishment does not offer a theory of recovery for students of public schools. *Ingraham v. Wright,* 430 U.S. 651, 669-671 (1977). Thus, Plaintiffs have failed to allege a violation of their Eighth Amendment rights.

As Plaintiffs have failed to allege a violation of a constitutional right under either the Eighth or Fourteenth amendment, they cannot pass the first part of the qualified immunity analysis. As such, under *Hassan,* the court need inquire no further; Defendants retain their qualified immunity. *Hassan v. Lubbock Independent School District* 55 F.3d 1075, 1079 (5th Cir. 1995).

Thus, Plaintiffs have failed to show a genuine issue of material fact. Therefore, Defendants' Motion for Summary Judgment on the §1983 claim against them in their official capacity should be GRANTED.

**§1983 Claim - Individual Capacity**

Plaintiffs are suing Defendants for the above §1983 violations in their individual capacity.

The qualified immunity defense is fully applicable in the individual capacity. *Bogard v. Cook,* 586 F.2d 399, 410 (5th Cir. 1978). As shown above, Plaintiffs' §1983 claim is barred by qualified immunity. As such, Plaintiff has failed to show a genuine issue of material fact. Therefore, Defendants' Motion for Summary Judgment on the §1983 claim against them in their individual capacity should likewise be GRANTED.

**State Law Claims - Official Capacity**

Plaintiffs have sued Defendants in their official capacity for intentional infliction of emotional distress, false imprisonment, and negligence.

An official capacity suit against a state officer is not a suit against the official, but is a suit against the official's office; it is no different from a suit against the State itself. *Haffer v. Melo* 502 U.S. 21, 26 (1991). Thus, the Plaintiffs' official capacity suit against the Defendants is actually a claim against their offices. In this case, the appropriate state offices are in HCISD.

States are protected from suit by governmental immunity. *Jackson v. Katy Independent School District,* 951 F.Supp.1293, 1306 (S.D. Tex. 1996). A school district, as a representative of the state, is likewise protected by governmental immunity. *Id.* at 1306. As such, HCISD is immune from Plaintiffs suit. Therefore, the offices of the defendants, as employees of HCISD, are immune as well.

This immunity has not been waived by the Texas Tort Claims Act. (TTCA) TEX. CIV. PRAC. & REM. CODE ANN. §§101.001 - 101.109 (Vernon 1986 & Vernon Supp. 1990). The TTCA is a limited waiver of governmental immunity for certain torts. *City of San Antonio v. Dunn,* 796 S.W. 2d 258, 261 (Tex. App. - San Antonio, 1990 *writ denied).*

The TTCA does not waive governmental immunity for school districts unless the injury arises from a motor vehicle. TEX. CIV. PRAC. & REM. CODE ANN. §101.051 (Vernon 1986 & Vernon Supp. 1990), *Doe v. Richardson Independent School District,* 1997 WL 600706 (N.D.Tex.).

7

There are no allegations that the injuries in this case arose from use of a motor vehicle. Thus, there is no waiver of governmental immunity under the TTCA, and Defendants remain immune.

As such, Plaintiffs have failed to raise a genuine issue of material fact. Therefore, Defendants' Motion for Summary Judgment on the claims of false imprisonment, intentional infliction of emotional distress, and negligence against the Defendants in their official capacity should be GRANTED.

## State Law Claims - Individual Capacity

Plaintiffs have sued Defendants in their individual capacity for intentional infliction of emotional distress, false imprisonment, and negligence.

The Texas Education Code states that "a professional employee of a school district is not personally liable for any act that is incident to, or within the scope of, the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students, negligence resulting in bodily injuries to students, or which involves the use of a motor vehicle." TEX. EDUC. CODE §22.05(a), (b) (Vernon 1996) [formerly section 21.912(b)].

In their Response to Defendants' Motion For Summary Judgment, Plaintiffs submitted the affidavits of Norma Serna, Gladys McKenna, John McKenna, Frank Garcia and Betty Pfrimmer as supporting evidence.

Review of these affidavits reveals conclusory accusations of wrongdoing, hearsay statements, and unsubstantiated allegations that plaintiffs were injured as a result of their confinement.

As stated above, such material is not sufficient proof for summary judgment purposes. *Douglass v. United Service Automobile Association,* 79 F.3d at 1415, 1429 (5th Cir. 1996); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir.1994); *Fowler v. Smith* 68 F.3d 124, 126 (5th Cir. 1995).

Review of the remaining pleadings, viewed in light most favorable to Plaintiff, does not

8

reveal any facts which would prove that the Defendants used excessive force, caused a bodily injury, or that a motor vehicle was involved in the injuries. Thus, Defendants retain their professional immunity.

As such, Plaintiffs have failed to raise a genuine issue of material fact. Therefore, Defendants' Motion for Summary Judgment on the claims of false imprisonment, intentional infliction of emotional distress, and negligence against the Defendants in their individual capacity should be GRANTED.

## State Constitutional Claim

Plaintiffs claim that their confinement in the booths denied them their right to due course of law under the Texas Constitution.

There is no state "constitutional tort." *City of Beaumont v. Boullion,* 896 S.W.2d 143, 149 (Tex 1995) citing *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W. 2d 582, 584 n.1 (Tex. Civ. App. - Houston [14[th] Dist.] 1987, *writ ref'd n.r.e.).*

As such, Plaintiffs have failed to raise a genuine issue of material fact, and Defendants' Motion for Summary Judgment on the Texas Constitutional violation should be GRANTED.

## Injunctive Relief

Plaintiffs seek an injunction to prevent HCISD from using the booths in the future.

Under some circumstances, a suit may be dismissed when there is no reasonable expectation that the wrong will be repeated. *Friends of the Earth v. Chevron Chemical Company* 900 F.Supp 67, 71 (E.D. Tex 1995), citing *United States v. W.T. Grant Co.,* 345 U.S. 629, 631(1953).

Defendants have submitted affidavit testimony that the time out booths in question were removed from HCISD in October 1994, and that there are no plans to reinstate their use. Plaintiff has not contested this assertion.

As such, the requested injunctive relief is moot. Thus, Plaintiffs have failed to raise a genuine issue of material fact, and Defendants' motion for summary Judgment on Plaintiffs request for injunctive relief should on be GRANTED.

9

## RECOMMENDATION

For the reasons set forth above, Defendants Motion for Summary Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this _9th_ day of _May_, 1999.


_____

Felix Recio

United States Magistrate Judge

10